# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2022

Lyle W. Cayce
Clerk

No. 20-60547
Summary Calendar

Luis H. Gonzalez, *also known as* Carlos Ramos Sanchez,

*Petitioner—Appellant*,

*versus*

Shawn R. Gills, *Warden, Adams County Correctional Institution,*

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:19-CV-108

---

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Petitioner-Appellant Luis H. Gonzalez, also known as Carlos Ramos Sanchez, whose alien number is A209 413 252, appeals the district court's denial of his 28 U.S.C. § 2241 petition. He contends that his continued detention pending his removal is unconstitutional under *Zadvydas v. Davis*,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60547

533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court explained that "[w]hen an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." *Id.* at 682. Detention may extend beyond ninety days, but the Court "limit[ed] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. [The statute at issue] does not permit indefinite detention." *Id.* at 689.

However, 8 U.S.C. § 1231(a)(1)(C) states: "The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." The district court determined that Gonzalez's own failure to cooperate with removal efforts tolled the time period allowed for his removal and precluded a *Zadvydas* showing that there was no significant likelihood of his removal in the reasonably foreseeable future.

Gonzalez contests some of the evidence in the record, but there is no dispute that he was convicted of identity theft in 2016 for assuming the identity of Luis Herman Gonzalez who had died in 2000. *People v. Ramos*, 2018 Il App (2d) 161042-U, 2018 WL 4520934, *1 (Ill. App. Ct. Sept. 19, 2018) (unpublished). To have been convicted, Gonzalez must have known that the personal identification information at issue was "stolen or produced without lawful authority." 720 Ill. Comp. Stat. 5/16-30(a)(4); *see Ramos*, 2018 WL 4520934, at *3.

In his brief on appeal, Gonzalez still insists that "all his life he has known that his name is Luis Gonzalez." However, he also refers to himself

No. 20-60547

as "Louis Gonzalez" and "Carlos Ramos Sanchez." The fact of his identity theft conviction and his continued use of the same stolen name establishes that Gonzalez has not been truthful during the removal process. In the district court, he admitted using other false identities while maintaining that neither was used with the intent to impede his removal. The district court did not err in determining that his conflicting information about his identity has hindered the effectuation of his removal, *see* 8 U.S.C. § 1231(a)(1)(C), and that he has failed to show that there was no significant likelihood of his removal in the reasonably foreseeable future if he cooperated. *See Zadvydas*, 533 U.S. at 701.

AFFIRMED.